UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LISA ROMANO,

        Plaintiff,

v.

**DECISION AND ORDER**
10-CV-797S

CHAUTAUQUA OPPORTUNITIES, INC.,

        Defendant.

1.    In this action, Plaintiff Lisa Romano alleges that Defendant Chautauqua Opportunities, Inc. violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111, et seq., when it terminated her employment because she is disabled. On November 21, 2012, this Court granted summary judgment in Defendant's favor and dismissed Plaintiff's Amended Complaint. (Docket No. 23.)

2.    Presently before this Court is Plaintiff's timely Motion for Reconsideration under Rule 59 (e) of the Federal Rules of Civil Procedure. (Docket No. 25.) Plaintiff maintains that reconsideration is warranted because of an intervening change in controlling law, specifically an unpublished decision by the United States Court of Appeals for the Second Circuit — Bar-Tur v. Arience Capital Mngmnt, L.P., No. 11-864-cv, 2012 WL 3140421 (2d Cir. 2012). For the following reasons, the motion is denied.

3.    Rule 59 (e) permits a party to seek reconsideration of a court's judgment within 28 days of its entry. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX

1

Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995). Relief can also be granted to "correct a clear error or prevent manifest injustice." Int'l Ore & Fertilizer Corp. v. SGS Control Servs., Inc., 38 F.3d 1279, 1287 (2d Cir. 1994) (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992)). The rule is not, however, "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998). The decision to grant a Rule 59(e) motion is within the sound discretion of the court and is reviewed for abuse of discretion. Awolesi v. Shinseki, No. 10-CV-6125 MAT, 2013 WL 1819239 (W.D.N.Y. Apr. 29, 2013); New York v. Holiday Inns, Inc., No. 83-CV-564S, 1993 WL 30933, at *4 (W.D.N.Y. 1993).

4. This Court granted Defendant summary judgment on Plaintiff's discriminatory termination claim upon finding that Plaintiff failed to offer evidence from which a factfinder could reasonably conclude that Defendant's legitimate non-discriminatory reason for terminating Plaintiff's employment was pretext for illegal discrimination. (Docket No. 23.) In particular, this Court found no evidence in the record that Roberta Keller, who was the ultimate decision-maker, was aware of Plaintiff's alleged disabilities at the time she eliminated Plaintiff's position as part of Defendant's corporate restructuring. (Id.) This Court further found that the allegedly discriminatory statements made by Plaintiff's supervisors constituted ambiguous, stray comments that were too attenuated from Plaintiff's termination to support a finding of pretext. (Id.)

5. Plaintiff seeks reconsideration of these findings based on the Second Circuit's decision in Bar-Tur, which was issued just days before Plaintiff filed her response to Defendant's summary judgment motion. In Bar-Tur, the Second Circuit found that

2

certain statements made by the defendant's employees at the time of the plaintiff's termination could support a finding that the defendant's employment decisions were impermissibly motivated by the plaintiff's medical condition. Bar-Tur, 2012 WL 3140421, at *3. Those statements included that the plaintiff could now attend her "little doctor's appointments" and "take care of some important things in [her] life" and have "space to work through [her] health issues." Id.

6. Plaintiff maintains that Bar-Tur is a change in controlling case law because the Second Circuit found that statements akin to those made by Plaintiff's supervisors in this case could support a discrimination claim. But in Bar-Tur, the Second Circuit applied existing legal standards — the same legal standards that this Court applied. It did not change existing ADA case law. It simply reached a different result given the unique facts of the case before it.

7. Moreover, the thrust of the reversal in Bar-Tur was the Second Circuit's finding that the lower court resolved issues of fact related to the existence of a qualifying disability, rather than simply identifying whether issues of fact existed in the record. See Bar-Tur, 2012 WL 3140421, at *3 ("Instead of merely ascertaining whether any issues of fact existed for trial, the district court weighed the evidence and resolved the factual dispute on the motion for summary judgment against the non-moving party.") The focus of the Court's decision was not the existence of the statements that Plaintiff highlights.

8. Finally, with few facts relayed in the unpublished opinion, it is unclear whether the decision-maker in Bar-Tur was aware of the plaintiff's alleged disability. To the extent there was evidence of a causal connection in Bar-Tur between the plaintiff's co-workers' statements and the plaintiff's termination, that evidentiary connection is missing here,

3

where there is no evidence that Keller knew about the statements or Plaintiff's alleged disability. See Kantrowitz v. Uniondale Union Free Sch. Dist., 822 F.Supp.2d 196, 216 (E.D.N.Y. 2011).

9. For all of these reasons, this Court finds that Bar-Tur is not a change in controlling case law that would warrant reconsideration. Further, Plaintiff's non-Bar-Tur arguments constitute relitigation of the summary judgment motion and are therefore not considered. See Sequa, 156 F.3d at 144. Plaintiff's motion is denied in its entirety.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Reconsideration (Docket No. 25) is DENIED.

SO ORDERED.

Dated: May 7, 2013
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court